IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KEN NOWLIN                                                                                    PLAINTIFF

V.                                                                CAUSE NO.: 3:10CV45-SA-SAA

LAFAYETTE COUNTY, MISSISSIPPI, ET AL.                              DEFENDANTS

MEMORANDUM OPINION

Defendants have filed motions to dismiss [4, 25, 32] pursuant to 12(b)(6). After reviewing the motion, response, rules and authorities, the Court finds as follows:

*Factual and Procedural Background*

Ken Nowlin pled guilty to one count of a fifty-three count indictment on July 27, 2007. He was sentenced on January 31, 2008, to thirty months in federal custody and two years of supervised release. Plaintiff appealed the length of his sentence, but not his conviction. United States v. Nowlin, 3:07cr108, [65]. The Fifth Circuit affirmed his sentence. United States v. Nowlin, 294 F. App'x 933 (2008). Plaintiff thereafter filed a federal habeas petition challenging his conviction under 28 U.S.C. Section 2255. United States v. Nowlin, 3:07cr108, [81]. That petition has not been addressed by the sentencing court at this time.

On May 27, 2010, Plaintiff filed this Complaint against a number of individuals and entities alleging violations of his substantive due process rights. In particular, Plaintiff claims Defendants' actions in pursuit of federal charges against Plaintiff, which Plaintiff contends he is innocent of, deprived him of his liberty and property interests. Plaintiff seeks monetary damages - actual and punitive - against the Defendants.

Defendants filed motions to dismiss [4, 25, 32] on the grounds that United States Supreme Court precedence, Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994),

requires dismissal as a matter of law. Plaintiff has conceded that Heck applies; however, Plaintiff contends dismissal is not the only option available to the Court. Plaintiff asserts the Court may stay this civil action until his Section 2255 petition is reviewed and granted.

*Motion to Dismiss Standard*

In considering a motion under Rule 12(b)(6), the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 173 L. Ed. 2d 868, 883-85 (May 18, 2009).

*Heck v. Humphrey Discussion*

In Heck, the United States Supreme Court addressed whether a claim for monetary damages which essentially challenges Plaintiff's conviction or imprisonment is recognized under 42 U.S.C. Section 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint *must be dismissed* unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87; 114 S. Ct. 2364 (footnotes omitted) (emphasis added); see also Ballard v. Burton, 444 F.3d 391, 397 (5th Cir. 2006) (convictions based on guilty pleas fall under the Heck dismissal rule); Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).

Only if the court finds that the Plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. See Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001); Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995).

The Plaintiff's success on his claims would necessarily draw into question the validity of his conviction or sentence. Plaintiff himself has conceded that point. In addition, the Plaintiff has failed to demonstrate that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 487, 114 S. Ct. 2364. As the Plaintiff's conviction has not been invalidated, these claims must be dismissed at this time. See id. Therefore, Plaintiff's claim requesting monetary damages as a result of his alleged unlawful imprisonment cannot be maintained pursuant to 42 U.S.C. § 1983.

*Conclusion*

Plaintiff's claims are hereby dismissed with prejudice until the conditions set forth in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), are met.

SO ORDERED, this the 13th day of October, 2010.

                                            /s/ Sharion Aycock
                                            **U.S. DISTRICT JUDGE**